T.C. Memo. 2006-65


UNITED STATES TAX COURT


RUTH ANN GILLINGS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10337-05.               Filed April 4, 2006.


Ruth Ann Gillings, pro se.

David W. Sorensen, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issues for decision are whether petitioner is liable for the section 6651(a)(1)[1] and 6654(a) additions to tax relating to her 2003 Federal income tax return.

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

During 2003, petitioner was employed as a respiratory therapist at Washoe Health Systems, Inc. (Washoe), and earned $54,756. Petitioner did not file a tax return or pay estimated taxes relating to 2003. On April 26, 2005, respondent issued petitioner a statutory notice of deficiency relating to 2003 in which he determined additions to tax, pursuant to sections 6651(a)(1) and 6654(a), for failure to file a return and make estimated tax payments, respectively. Petitioner paid the liability but did not pay the additions to tax.

Petitioner, while residing in Sparks, Nevada, filed her petition with this Court.

OPINION

Respondent has the burden of production relating to the section 6651(a)(1) and 6654(a) additions to tax. See sec. 7491(c); Rule 142(a). Petitioner admitted that she failed to file her return and pay estimated income taxes relating to 2003. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner may, however, be excused from the section 6651 and 6654 additions to tax if an exception applies. See id. at 447.

Petitioner contends that the section 6651 and 6654 additions to tax are not applicable because her parents raised her to believe that the Internal Revenue Service was an illegal organization and taught her not to file tax returns or pay taxes.

As a result, petitioner believes that if she ever filed a return or paid taxes she would be "disowned" by her parents.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985). A failure to file a timely return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence, and, nevertheless, was unable to file the return within the prescribed time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious intentional failure or reckless indifference. United States v. Boyle, supra at 245. Petitioner stated that she did not file her 2003 return because she feared that she would be "disowned" by her parents. Petitioner's fear, however, does not excuse her failure to file. Petitioner also contends that the section 6654 addition to tax should be excused because of her fear of being "disowned" by her parents. The addition to tax for failure to make estimated tax payments applies unless petitioner qualifies for an exception pursuant to section 6654(e). Petitioner did not pay estimated taxes relating to 2003 and does not qualify for any of the section 6654(e) exceptions. See sec. 6654(e). Accordingly, we sustain respondent's determinations.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.